**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| ANDREA GRUMMER, INDIVIDUALLY AND AS SURVIVING SPOUSE, EXECUTOR, AND PERSONAL REPRESENTATIVE OF THE ESTATE OF GERALD ANTON GRUMMER, DECEASED,<br><br>          Plaintiff,<br><br>v.<br><br>BUDGET TRUCK RENTAL LLC and COVEY RENTALS, LLC<br><br>          Defendants. | Civil Action No. 5:22-cv-05177-TLB<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff, Andrea Grummer Individually and as Surviving Spouse, Executor, and Personal Representative of the Estate of Gerald Anton Grummer, deceased, respectfully submits this Original Complaint against Defendants Budget Truck Rental LLC ("Budget") and Covey Rentals, LLC ("Covey") and states as follows:

### I.  PARTIES

1.     Plaintiff Andrea Grummer is the surviving spouse of Gerald Grummer ("Mr. Grummer") and a resident of Sherwood, Arkansas.  She is also the executor and personal representative of the Estate of Gerald Grummer, deceased. Plaintiff Andrea Grummer sues Defendants in her individual capacity and as a statutorily authorized representative pursuant to Ark. Code Ann. § 16-62-101 and Ark. Code Ann. § 16-62-102.

2.     Upon information and belief, Defendant Budget Truck Rental LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 6 Sylvan Way, Parsippany, NJ 07054.  Upon information

and belief, Budget may be served through its registered agent for service of process, Corporation Service Company (CSC), at 300 Spring Building Suite 900, 300 S Spring St, Little Rock, AR 72201.

3.      Upon information and belief, Defendant Covey Rentals, LLC is a foreign limited liability company organized and existing under the laws of the State of Colorado with its principal place of business located at 1101 W Dartmouth Ave, Englewood, CO, 80110.  Upon information and belief, Covey may be served through its registered agent for service of process Covey Rentals, LLC at 3351 E 120th Ave, 3351 E 120th Ave, Thornton, CO, 80233.

## II.  JURISDICTION & VENUE

4.      This Court has original subject matter jurisdiction in this dispute pursuant to 28 U.S.C. § 1332 because there is full diversity of citizenship between the parties. Plaintiff is domiciled in Arkansas and Defendants are Delaware and Colorado corporations, and, as discussed further below, the amount in controversy exceeds $75,000.00.

5.      Defendants are subject to personal jurisdiction in this district because it practices the unlawful conduct complained of, in part, within the State of Arkansas and the Fayetteville Division of this Court.  Defendants are, and at all times relevant were, in the business of leasing motor vehicles, namely trucks, to members of the general public, including for use in Arkansas. The unlawful conduct complained of caused injury, in part, within the State of Arkansas and the Fayetteville Division of this Court, and Defendants regularly do or solicit business, engage in other persistent courses of conduct, and/or derive substantial revenue from goods used or consumed or services rendered within the State of Arkansas and the Fayetteville Division of this Court. In fact, Defendants purposely and systematically availed themselves of the instrumentalities of commerce within the district that the Court's exercise of general jurisdiction over the Defendant does not

offend traditional notions of justice and fair play.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### III.  FACTUAL BACKGROUND

7.      On July 22, 2022, Conner Grummer, Mr. Grummer's son, reserved and leased a 2019 Ford E-350SD Vin number 1FDWE3F60KDC37670 ("Vehicle") from Defendants to be picked up in Englewood, Colorado and subsequently returned to Bentonville, Arkansas on July 26, 2022.

8.      Conner and his brother, Jordan Grummer, planned to use the Vehicle to transport items from Conner's house in Colorado to his new house in Arkansas.

9.      Conner, Jordan, and one of Defendants' employees inspected the Vehicle together on July 22, 2022, and Defendants provided the Vehicle to Conner and Jordan for a cross-country trip even though the check engine light was already illuminated and the gear shift was faulty.





10.     On or about July 23, 2022, while traveling from Colorado to Arkansas, Jordan Grummer noticed that the gear shift in the Vehicle was loose and would not properly shift between neutral and reverse.

11.     Conner and Jordan Grummer finally arrived in Arkansas during the early morning hours of July 24, 2022.

12.     On July 25, 2022, like good parents, Conner's mom and dad came to help with the move.

13.     Tragically, while Conner, Andrea, and Mr. Grummer were about to take the Vehicle to Conner's new house, a mechanical defect or malfunction caused the Vehicle to "come out of gear" and begin to move.

14.     The sudden and unexpected "gear shift" caused the Vehicle to roll and smash Mr. Grummer between the door and frame—trapping him with no way to free himself.[1]

---

[1] The pictures shown below were taken after the accident.

**ORIGINAL COMPLAINT** – Page 4





**ORIGINAL COMPLAINT** – **Page 5**

15.     Conner and Andrea rushed to the scene with the hope of rescuing their dad and husband, but the Vehicle would not move, even though Conner attempted to put the Vehicle in reverse and move the truck off his suffering dad.  Instead, Mr. Grummer's wife and son helplessly watched his life slip away before their very own eyes.

16.     As Andrea and Conner watched Mr. Grummer take his final breaths, his other children were notified by Mr. Grummer's apple watch that he had suffered a "hard fall."

17.     Minutes later, Mr. Grummer, a loving husband of almost 40 years, father of five, and Papa to eleven grandchildren, departed this earthly life.

18.      Mr. Grummer's wrongful death is the direct and proximate result of the wrongful acts or neglect of Defendants, giving rise to an action for damages under Ark. Code Ann. § 16-62-101 and Ark. Code Ann. § 16-62-102.

## IV.  CAUSES OF ACTION

## NEGLIGENCE

19.     Plaintiff repeats and realleges each allegation set forth in Paragraphs 1 through _ above as though fully set forth here.

20.     Defendants have a duty to provide safe and mechanically sound vehicles to their clients and the general public.  They must conduct regular inspections and maintenance of their fleet to ensure their vehicles are free of mechanical problems and known defects.

21.     If a vehicle has any mechanical problems or known defects, the Defendants also have a duty to warn and/or repair that vehicle.

22.     Here, Defendants rented Conner Grummer a vehicle with a faulty gear shift and an illuminated "check engine light."  Defendants knew about the Vehicle's issues, they failed to warn and/or repair the Vehicle, and they allowed Conner and Jordan to drive it half-way across the country.

23.     Further, Defendants failed to do what a person of ordinary prudence would have done under same or similar circumstances, including but not limited to the following:

> Defendants and its servants, agents, and/or employees did not adequately take the reasonably necessary actions in the ownership, distribution, leasing, renting, servicing, inspecting, operation, maintenance, management and control of the Vehicle in ways that permitted the Vehicle to be a defective, unsafe, and dangerous Vehicle that was not safe for use and not fit for the purposes intended or to be placed into commerce.

24.     Defendants breached their duty of care.  Defendants' breach, negligent acts, and/or omissions, specifically, allowing Conner and Jordan Grummer to drive a knowingly defective vehicle from Colorado to Arkansas, directly and proximately caused Mr. Grummer's injuries, damages, and tragic death.

25.     As a result of Defendants' negligence, Plaintiff suffered significant damages and will be further damaged in the future.

26.     Plaintiff alleges that Defendants knew or ought to have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in injury or damage, and yet it continued the conduct complained of in reckless or wanton disregard of the consequences.  Defendants acted in reckless and/or wanton disregard for the life and safety of Mr. Grummer.  These actions rise to the level of gross negligence as the term is defined in Ark. Code Ann. § 16-55-206.  As such, Plaintiff is entitled to punitive damages.

27.     In addition, Plaintiff asserts the doctrine of *res ipsa loquitur*.  In the normal course of events, a 2019 Ford E-350SD suddenly losing gear, rolling and crushing Mr. Grummer, would not occur if Defendants had used ordinary care while the Vehicle was in their exclusive control.

28.     Defendants are also legally responsible to Plaintiff for the negligent conduct of their agents, servants, and/or employees under the legal doctrine of *respondeat superior*.

29.     At all times material hereto, Defendants' agents, servants, and/or employees were acting within the course and scope of their employment with Budget and/or Covey.

30.     As a result, the foregoing acts constitute negligence and therefore, Defendants are responsible for all damages resulting from Defendants' agents, employees, and/or servants' negligent acts and/or omissions pursuant to the doctrine of r*espondeat superior.*

### SURVIVIVORSHIP CLAIM OF THE ESTATE (Ark. Code Ann. § 16-62-101)

31.     Plaintiff repeats and realleges each allegation set forth in Paragraphs 1 through _ above as though fully set forth herein.

32.     Andrea Grummer, as executor of Mr. Grummer's estate, brings this survival action against Defendant Budget pursuant to Ark. Code Ann. § 16-62-101.

33.     Andrea Grummer is suing for the following elements of damage on behalf of the estate: (1) "loss of life"; (2) funeral expenses; (3) conscious pain and suffering of Mr. Grummer prior to his death; and (4) medical expenses attributable to Mr. Grummer's fatal injury.  *See id.*

### WRONGFUL DEATH (Ark. Code Ann. § 16-62-102)

34.     Plaintiff repeats and realleges each allegation set forth in Paragraphs 1 through _ above as though fully set forth herein.

35.     Plaintiff Andrea Grummer, as personal representative of Mr. Grummer's, brings this action for wrongful death against Defendants pursuant to Ark. Code Ann. § 16-62-102.

36.     The beneficiaries entitled to recover for the wrongful death of Mr. Grummer are as follows:

> A.  Andrea Grummer (Mr. Grummer's surviving spouse)
>
> B.   Kristen Piraino, Erica Calavitta, Jacob Grummer, Jordan Grummer, and Conner Grummer (Mr. Grummer's surviving children)

C. Angela Rogers, Olga Luyet, Catherine Seidl, Marguerite Brewer, Theresa Dodson, Robert Grummer, and Mark Grummer (Mr. Grummer's surviving brothers and sisters)

37.     Each of the named beneficiaries identified in Paragraph 36 are entitled to recover damages for pecuniary injuries and mental anguish, including anguish suffered and reasonably probable to be suffered in the future, and punitive damages. *See* Ark. Code Ann. § 16-62-102; Ark. Model Jury Instr., Civil AMI 2216. Andrea Grummer, Mr. Grummer's surviving spouse, is also entitled to loss of consortium. *See id*.

38.     Pecuniary injuries refers to the present value of benefits, including money, goods, and services, that Mr. Grummer would have contributed to Andrea Grummer and the other beneficiaries had Mr. Grummer lived. *See id*.

39.     Mental anguish refers to mental suffering resulting from emotions, such as grief and despair, associated with the loss of a loved one. *See id*.

## TORT OF OUTRAGE

40.     Plaintiff, in her individual capacity, repeats and realleges each allegation set forth in Paragraphs 1 through _ above as though fully set forth herein.

41.     Under Arkansas law, Andrea Grummer must prove that (1) she sustained damages, (2) Defendants willfully and wantonly engaged in extreme and outrageous conduct, and (3) Defendants' conduct proximately caused Plaintiff's damages. Ark. Model Jury Instr., Civil AMI 401. Here, all three propositions are met.

42.     First, Plaintiff clearly suffered damages. Andrea Grummer watched her beloved husband of almost forty years lose his life before her very own eyes. Andrea was steps away from her husband, but she was helpless as there was nothing she could do to save her husband. This

incident has caused Plaintiff severe emotional distress and harm, both mentally and physically.

43.     Second, Defendants willfully and wantonly engaged in extreme and outrageous conduct.  Defendants' own agent inspected the Vehicle with Conner Grummer, and Defendants knew the Vehicle had a faulty gear shift and an illuminated check engine light.  However, Defendants inexplicably allowed Conner Grummer to drive their Vehicle halfway across the Country.  Rental car companies are supposed to provide their clients with reliable vehicles, but based on the Vehicle's condition, Defendants knew, or should have known, that something disastrous was likely to occur.

44.     Third, Defendants' conduct proximately caused Plaintiff's damages.  As discussed at length above, the faulty Vehicle caused Mr. Grummer's death.  Defendants should have never provided Conner Grummer with a defective vehicle, and if they had not, then Mr. Grummer would still be with us today and Andrea Grummer would not have suffered such a great loss.

## V. <u>DAMAGES</u>

45.     As a direct and proximate result of Defendants' negligence, Plaintiff and the beneficiaries suffered the following injuries and damages:

i.      loss of the deceased person's financial support;

ii.     great emotional suffering, grief, and despair associated with the death;

iii.    extreme shock and excruciating mental and emotional trauma and pain as a bystander to Mr. Grummer's death;

iv.     loss of care, services, and companionship the deceased would have provided;

v.      loss of education, training, or guidance the deceased might have provided;

vi.     funeral and burial costs;

vii.    great pain and suffering the deceased endured before death; and

viii.    the lost value of the deceased person's remaining life, including wages he would likely have earned.

46.    Specifically, Plaintiff seeks recovery of actual and exemplary damages in excess of One Million Dollars ($1,000,000.00). Plaintiff will additionally show she and the beneficiaries are entitled to recover pre and post-judgment interest in accordance with law and equity.

47.    For Plaintiff's individual claim based on the Tort of Outrage, she is entitled to compensatory and punitive damages for her severe emotional distress and.

## VI.  <u>JURY DEMAND</u>

48.    Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable by right.

## VII.   <u>REQUEST FOR RELIEF</u>

49.    For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for all of the elements of damages set for above and as provided for at law in an amount greater than the minimum amount required for diversity of citizenship jurisdiction for each claim, and for all other just and proper relief that the Court deems appropriate.

Respectfully submitted,

*/s/ Joshua R. Thane*
Joshua R. Thane
Arkansas Bar No. 2008075
Cole A. Riddell
Arkansas Bar No. 2018051
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jthane@haltomdoan.com
Email: criddell@haltomdoan.com

Paul W. Murphy
**Murphy Legal**
Arkansas Bar No.: 2022116
3008 Barron Road
College Station, Texas 77845
(979) 690-0800 Telephone
(979) 690-0808 Telecopier
E-mail: paul@murphylegal.com
Email: e-serve@murphylegal.com

**ATTORNEY FOR PLAINTIFF
ANDREA GRUMMER, SURVIVING
SPOUSE, EXECUTOR, AND
PERSONAL REPRESENTATIVE OF
THE ESTATE OF GERALD ANTON
GRUMMER, DECEASED**